Nunez v. Holder

BIA
Abrams, IJ
A098 070 173

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of June, two thousand thirteen.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> > *Circuit Judges,*
> PAUL A. ENGELMAYER,[*]
> > *District Judge.*

_____

YEFRIS NUNEZ, AKA JEFFREY NUNEZ, AKA
YEFRIS DE CARMEN CATILLO, AKA YEFRIS
CARMEN DE JESUS, AKA JEFFREY RODRIGUEZ,
AKA YEFRIS RODRIGUEZ, AKA JEFFREY DE
JESUS CATILLO, AKA YEFRIS DE JESUS
CATILLO,
> *Petitioner,*

> v.                                        12-1396

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

_____

[*]The Honorable Paul A. Engelmayer, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PETITIONER:   H. Raymond Fasano, Youman, Madeo &
          Fasano, LLP, New York, N.Y.

FOR RESPONDENT:   Stuart F. Delery, Acting Assistant
          Attorney General; David V. Bernal,
          Assistant Director; Jesse M. Bless and
          Claire Workman, Trial Attorneys, Office
          of Immigration Litigation, United States
          Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yefris Nunez, a native and citizen of the Dominican Republic, seeks review of a March 8, 2012, decision of the BIA, reversing the January 19, 2011, decision of Immigration Judge ("IJ") Steven R. Abrams granting his applications for a waiver of inadmissibility under section 212(i) of the Immigration and Nationality Act ("INA"), and for adjustment of status. *In re Yefris Nunez*, No. A098 070 173 (B.I.A. Mar. 8, 2012), *rev'g* No. A098 070 173 (Immig. Ct. N.Y. City Jan. 19, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered the decision of the BIA as well as those portions of the IJ's decision affirmed on appeal. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin*

2

*Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Nunez challenges the denial of a discretionary waiver, our jurisdiction is limited to addressing constitutional claims and questions of law. *See* 8 U.S.C. §§ 1252(a)(2)(B) (limiting jurisdiction to review discretionary denials), (D) (exceptions to jurisdictional limitations), 1182(i)(2) (committing to the Attorney General's sole discretion the grant of a waiver under § 1182(i)(1)).

Nunez raises questions of law by arguing that the agency erroneously reviewed the IJ's factual findings *de novo* and erroneously re-weighed those findings to reach a different discretionary decision. We are not persuaded. The BIA is limited to clear error review only with respect to the IJ's factual findings. 8 C.F.R. § 1003.1(d)(3)(i). The IJ's comment that a waiver would provide Nunez with an opportunity to "turn his life around" did not amount to a factual finding. It was not "[a] determination of what will occur in the future and the degree of likelihood of the occurrence," *Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012), but rather a recognition of the obvious: that a waiver would provide Nunez with the *opportunity* to rehabilitate himself in this country. Alternatively, to the extent the IJ's comment reflected a finding that Nunez was willing to obtain employment if granted a waiver, the BIA did defer to that finding and considered it as a positive equity.

Nunez also asserts that the BIA accepted the IJ's factual findings in name only, because it could not have reached a different discretionary determination to deny the waiver had it properly deferred to the IJ's findings.  The BIA, however, does not err when, as here, acting at its own discretion, it recalculates the weight afforded to the same factors examined by the IJ and reaches a different conclusion.  *See* 8 C.F.R. § 1003.1(d)(3)(ii) (granting the BIA *de novo* review over the IJ's legal and discretionary determinations); *Noble v. Keisler*, 505 F.3d 73, 78 (2d Cir. 2007) (finding no error of law in the BIA's recalculation of the equities despite accepting the IJ's factual findings).  Nunez's argument on this point contests the BIA's discretionary weighing of the equities—a determination we are not permitted to review.  *See Noble*, 505 F.3d at 78.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
